IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NOBLE TORNELLO FONTAINE )
PIERCE EL-BEY and NOBLE )
FREDDIE L. FULLER ALI, )
)
      Plaintiffs, )
)
v. )      1:09CV693
)
NORTH CAROLINA DEPARTMENT )
OF HEALTH AND HUMAN SERVICE, )
SOCIAL SERVICE/SUB AGENCY, )
)
      Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiffs, Noble Tornello Fontaine Pierce El-Bey and Noble Freddie L. Fuller Ali, have submitted a *pro se* complaint under 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. §§ 241 and 242, state common law, and other sources of law. It purports to be a class action and appears to have mainly been drafted by Plaintiff Pierce El-Bey[1]. Also, neither plaintiff has paid the applicable $350 filing fee and Plaintiff Pierce El-Bey has requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Court will assume that Plaintiff Fuller Ali is also seeking to proceed *in forma pauperis* based on Plaintiff Pierce

---

[1] Plaintiff Fuller Ali has signed only the complaint in the case. Other than the fact that the complaint is sometimes written using plurals, i.e., "Plaintiffs," he does not really appear to be a part of the case.

E-Bey's affidavit. Plaintiffs name the North Carolina Department of Health and Human Service as the Defendant in the case.

Plaintiffs seek to proceed as paupers. Therefore, the Court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915(a). For frivolous or malicious review, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (some internal quotation marks omitted).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility whenthe plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ____, ____, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

-2-

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal brackets and citations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[2]

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing *pro se* complaint). *Accord Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009)("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *petitions for cert. filed* (Jan. 22, 2010)(No. 09-889; No. 09-8739).

Finally, in evaluating a complaint, the court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)(en banc)(court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

As an initial matter, the Court notes the only defendant named in Plaintiffs' complaint is a state agency. However, neither the State nor it agencies are "persons" subject to suit under § 1983 and § 1985. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Plaintiffs' suit should be dismissed accordingly to the extent that it is brought under those statutes. Further, absent waiver by the state, *Moreno v. University of Maryland*, 645 F.2d 217 (4th Cir. 1981), *judgment affirmed by*, *Toll v. Moreno*, 458 U.S. 1 (1982), the Eleventh Amendment bars suits directly against the state or its agencies, regardless of the nature of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Plaintiffs do not attempt to show waiver on the part of the State or the Department of Health and Human Services and dismissal of the entire complaint on this basis is proper.

Even if Plaintiffs' claims are examined individually, they fail to state any claim for relief. Although the complaint is hard to understand, it appears that it stems from Defendant's attempts to collect child support payments from Plaintiffs. They claim that this was done "without full disclosure of contract, due process of law, and due process of rights expressly reserved and refusal of Accept for Value to close account causing dishonor which

-4-

is not limited to. [sic]" (Docket No. 2, Statement of Facts, ¶ 2.) Based on this allegation, they set out sixteen causes of action.

The first, second, third, and fifth causes of action are based on international laws and/or the idea that Plaintiffs are members of the "Unity Washitaw Mu'ur (Moor) Empire." They believe that they are, therefore, indigenous people entitled to certain rights under international laws and treaties. They are incorrect. It is well-recognized in the courts that organizations such as the Washitaw or Moorish Nation are:

> notorious organization[s] of scofflaws and ne'er-do-wells who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws. *Sanders-Bey v. United States*, 267 F. App'x 464, 466 (7th Cir.2008) (finding that "the Washitaw Nation ... is not recognized by the United States government"); *Bybee v. City of Paducah*, 46 F. App'x 735, 736-37 (6th Cir.2002) (finding that the "Nation of Washitaw" is "fictional"); *United States v. Gunwall*, No. 97-5108, 1998 U.S.App. LEXIS 18596, at *11 (10th Cir. Aug. 12, 1998) (rejecting claim that the court had no jurisdiction over a member of the Washitaw as "frivolous"); *Bey v. Louisiana*, No. 08-cv-0250, 2008 WL 4072747 (W.D.La. July 11, 2008) (finding that plaintiff's claim to land as a member of the Washitaw was "patently frivolous" and rested on documents of "dubious legal significance"); *Great Seal Nat'l Ass'n of Moorish Affairs v. 46th Dist. Ct. of Oakland County*, No. 06-CV15625, 2007 U.S. Dist. LEXIS 3199, at *2 (E.D.Mich. Jan. 17, 2007) (dismissing claim that plaintiffs owned several parcels of property by virtue of their Moorish ancestry as "baseless, fantastic, and delusional" and finding the complaint to be "indecipherable"); *Khattab El v. U.S. Justice Dep't*, No. 86-6863, 1988 U.S. Dist. LEXIS 544, at *5 (E.D.Pa. Jan. 22, 1988) (holding that "the United States has not recognized the sovereignty of the Moorish Nation, thus precluding sovereign immunity claims").

*El-Bey v. United States*, No. 1:08CV151, 2009 WL 1019999 (M.D.N.C. Jan. 26, 2009)(unpublished). Any claims or arguments raised by Plaintiffs which are based on those

organizations or which rely on documents or arguments based on the doctrines of those organizations are clearly frivolous.

As for Plaintiffs' remaining claims, they are entirely conclusory. They really consist of nothing more than bald statements that rights or laws have been violated or that Defendant committed common law torts against them. The complaint is completely devoid of any factual allegations that would allow the Court to draw any inference of misconduct by Defendant. It is the epitome of "an unadorned, the-defendant-unlawfully-harmed-me" complaint which only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of [] cause[s] of action.'" *Iqbal*, 129 S. Ct. at 1949. It should be dismissed for this additional reason.

Plaintiffs are therefore not entitled to further proceed as paupers. Plaintiffs' request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

There are two final matters. Plaintiff Pierce El-Bey has filed a "Motion Judicial Notice Motion Claim/Complaint Served to Defendant," (Docket No. 4) in which he seeks to have the Court order service of the complaint and a "Motion Granted to Proceed Without Prepayment of Fees Judicial Notice," (Docket No. 5) in which he makes a redundant request to proceed *in forma pauperis*. Because of the above recommendation that Plaintiffs be

denied *in forma pauperis* status and that the case be dismissed, these motions are moot and will be denied.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff Pierce El-Bey's "Motion Judicial Notice Motion Claim/Complaint Served to Defendant" and "Motion Granted to Proceed Without Prepayment of Fees Judicial Notice" are **DENIED** for being moot. (Docket Nos. 4, 5.)

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious or for failing to state a claim upon which relief may be granted.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: February 9, 2010

-7-

Case 1:09-cv-00693-NCT-PTS   Document 6   Filed 02/09/10   Page 7 of 7